**<u>Exhibit A</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| LINN ENERGY, LLC, | ) | Case No. 16-60040 (DRJ) |
| Debtor. | ) | |
| Tax I.D. No. 65-1177591 | ) | |
| In re: | ) | Chapter 11 |
| BERRY PETROLEUM COMPANY, LLC, | ) | Case No. 16-60041 (DRJ) |
| Debtor. | ) | |
| Tax I.D. No. 77-0079387 | ) | |
| In re: | ) | Chapter 11 |
| LINNCO, LLC, | ) | Case No. 16-60042 (DRJ) |
| Debtor. | ) | |
| Tax I.D. No. 45-5166623 | ) | |
| In re: | ) | Chapter 11 |
| LINN ACQUISITION COMPANY, LLC, | ) | Case No. 16-60043 (DRJ) |
| Debtor. | ) | |
| Tax I.D. No. 46-2254791 | ) | |
| In re: | ) | Chapter 11 |
| LINN ENERGY FINANCE CORP., | ) | Case No. 16-60044 (DRJ) |
| Debtor. | ) | |
| Tax I.D. No. 26-2695453 | ) | |

| | | |
|---|---|---|
| In re: | ) ) ) | Chapter 11 |
| LINN ENERGY HOLDINGS, LLC, | ) ) | Case No. 16-60039 (DRJ) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 75-3256517 | ) ) | |
| In re: | ) ) ) | Chapter 11 |
| LINN EXPLORATION & PRODUCTION MICHIGAN LLC, | ) ) ) | Case No. 16-60045 (DRJ) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 27-2620738 | ) ) | |
| In re: | ) ) ) | Chapter 11 |
| LINN EXPLORATION MIDCONTINENT, LLC, | ) ) ) | Case No. 16-60046 (DRJ) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 73-1583143 | ) ) | |
| In re: | ) ) ) | Chapter 11 |
| LINN MIDSTREAM, LLC, | ) ) | Case No. 16-60047 (DRJ) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 06-1319707 | ) ) | |
| In re: | ) ) ) | Chapter 11 |
| LINN MIDWEST ENERGY LLC, | ) ) | Case No. 16-60048 (DRJ) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 27-2621712 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LINN OPERATING, INC., | ) | Case No. 16-60049 (DRJ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 71-0983530 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| MID-CONTINENT I, LLC, | ) | Case No. 16-60050 (DRJ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 26-0891812 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| MID-CONTINENT II, LLC, | ) | Case No. 16-60051 (DRJ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 26-0891869 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| MID-CONTINENT HOLDINGS I, LLC, | ) | Case No. 16-60052 (DRJ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 26-0891686 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| MID-CONTINENT HOLDINGS II, LLC, | ) | Case No. 16-60053 (DRJ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 26-0897129 | ) | |

## ORDER (A) DIRECTING JOINT ADMINISTRATION OF
## CHAPTER 11 CASES AND (B) GRANTING RELATED RELIEF

Upon the motion (the "<u>Motion</u>")[1] of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") for entry of an order (this "<u>Order</u>") (a) directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "<u>Hearing</u>"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 16-60040 (DRJ). Additionally, the following checked items are ordered:

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

4

    a. ☒  One disclosure statement and plan of reorganization may be filed for all cases by any plan proponent.

    b. ☒  Parties may request joint hearings on matters pending in any of the jointly administered cases.

    c. ☒  Other:  See below.

3. The caption of the jointly administered cases should read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| LINN ENERGY, LLC, *et al.*,[1] | ) Case No. 16-60040 (DRJ) |
| Debtors. | ) (Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number are as follows:  Linn Energy, LLC (7591); Berry Petroleum Company, LLC (9387); LinnCo, LLC (6623); Linn Acquisition Company, LLC (4791); Linn Energy Finance Corp. (5453); Linn Energy Holdings, LLC (6517); Linn Exploration & Production Michigan LLC (0738); Linn Exploration Midcontinent, LLC (3143); Linn Midstream, LLC (9707); Linn Midwest Energy LLC (1712); Linn Operating, Inc. (3530); Mid-Continent I, LLC (1812); Mid-Continent II, LLC (1869); Mid-Continent Holdings I, LLC (1686); Mid-Continent Holdings II, LLC (7129).  The Debtors' principal offices are located at JPMorgan Chase Tower, 600 Travis, Suite 5100, Houston, Texas 77002.

4. The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

5. A docket entry, substantially similar to the following, shall be entered on the docket of each of the Debtors other than Linn Energy, LLC to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Texas directing joint administration for procedural purposes only of the chapter 11 cases of:  Linn Energy, LLC, Case No. 16-60040; Berry Petroleum Company, LLC, Case No. 16-60041; LinnCo, LLC,

5

Case No. 16-60042; Linn Acquisition Company, LLC, Case No. 16-60043; Linn Energy Finance Corp., Case No. 16-60044; Linn Energy Holdings, LLC, Case No. 16-60039; Linn Exploration & Production Michigan LLC, Case No. 16-60045; Linn Exploration Midcontinent, LLC, Case No. 16-60046; Linn Midstream, LLC, Case No. 16-60047; Linn Midwest Energy LLC, Case No. 16-60048; Linn Operating, Inc., Case No. 16-60049; Mid-Continent I, LLC, Case No. 16-60050; Mid-Continent II, LLC, Case No. 16-60051; Mid-Continent Holdings I, LLC, Case No. 16-60052; Mid-Continent Holdings II, LLC, Case No. 16-60053. The docket in Case No. 16-60040 should be consulted for all matters affecting this case. **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 16-60040 (DRJ).**

6. The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the Southern District of Texas shall keep, one consolidated docket, one file, and one consolidated service list for these chapter 11 cases.

7. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an Order substantively consolidating their respective cases.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2016  
Victoria, Texas

DAVID R. JONES  
UNITED STATES BANKRUPTCY JUDGE